UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Edward Almonte,

        Petitioner,

              **MEMORANDUM OPINION**
v.                        **AND ORDER**
                Civil No. 05-98 ADM/SRN

Lisa J. W. Hollingsworth,

        Respondent.

_____

Edward Almonte, *pro se*.

William H. Koch, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Respondent.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Petitioner Edward Almonte's ("Petitioner") Objections [Docket No. 17] to Magistrate Judge Susan Richard Nelson's Report and Recommendation ("R&R") [Docket No. 16] of December 7, 2005. The Magistrate Judge's R&R recommends that Petitioner's Petition for Writ of Habeas Corpus ("Petition") [Docket No. 1] be dismissed with prejudice. Petitioner's Petition claims that the Bureau of Prisons ("BOP") wrongly deprived him of twenty-seven days of good conduct time ("GCT"), resulting in his detention in federal custody beyond his proper release date. The factual background of this matter is set forth in the R&R and is incorporated by reference for purposes of the present Objections. For the reasons set forth below, the Objections are denied, and the R&R is adopted.

## II. BACKGROUND

Petitioner is currently in the custody of the BOP at the Federal Correctional Institution in

Petersburg, Virginia, where he is serving a 168-month sentence imposed by the United States District Court in the Southern District of New York for violating federal drug laws.[1]  In January of 2004, Petitioner was serving his sentence at the Federal Prison Camp in Duluth, Minnesota ("FPC-Duluth").  On January 6, 2004, employees of FPC-Duluth discovered evidence of a fight that occurred in a restroom near the gymnasium in the prison.  After an investigation, Petitioner was charged with violating BOP institutional rule, Code 201, Fighting.

The matter was referred to a Unit Disciplinary Committee ("UDC"), which in turn referred the matter to a Disciplinary Hearing Officer ("DHO").  As a result of the DHO hearing, Petitioner was found to have committed the prohibited act of fighting in violation of the BOP "fighting" rule, Code 201.  Petitioner was placed in disciplinary segregation for twenty days, forfeited twenty-seven days of GCT, and was transferred to the Federal Correctional Institution in Sandstone, Minnesota ("FCI-Sandstone").  After exhausting his administrative remedies[2] at FCI-Sandstone, Petitioner seeks a writ of habeas corpus.

### III. DISCUSSION

Petitioner specifically objects to three parts of the Magistrate Judge's R&R.  First, Petitioner argues that the Magistrate Judge incorrectly concluded that his due process rights were

---

[1] 28 U.S.C. § 2241(a) states that "[w]rits of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions."  Although Petitioner is now incarcerated in Virginia, the Court has jurisdiction over this Petition pursuant to 28 U.S.C. § 2241 because Petitioner was incarcerated in Minnesota at the time of the incident that gave rise to this Petition, and Petitioner filed this Petition while still incarcerated in Minnesota.

[2] Respondent initially argued that Petitioner did not fully exhaust his administrative remedies before filing his Petition.  The Magistrate Judge found that argument to be unpersuasive in light of the particular facts involved, and Respondent has not filed an objection to the Magistrate Judge's R&R.

not violated when the UDC hearing was held seven rather than three days after the incident. Objections at 2-3.  Second, Petitioner argues that the Magistrate Judge incorrectly concluded that the DHO hearing was impartial. Id. at 3-6.  Third, Petitioner argues that the Magistrate Judge incorrectly concluded that the evidence at the DHO hearing supported the DHO's decision that led to Petitioner's discipline and forfeiture of twenty-seven days of GCT. Id. at 2, 6.

**A.    Standard of Review**

In reviewing a magistrate judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).  A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

**B.    Petitioner's Right to Due Process was not Violated**

Petitioner's first objection asserts that the Magistrate Judge incorrectly concluded that Petitioner's right to due process was not violated when the UDC hearing was held seven rather than three days after the incident.  Objections at 2-3.  Despite his incarceration, Petitioner maintains some of his constitutional rights of due process.  Wolff v. McDonnell, 418 U.S. 539, 555 (1974).  However, prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in criminal proceedings do not apply at prison disciplinary proceedings. Id. at 556.

28 C.F.R. § 541.15(b) states that an inmate charged with violating a BOP rule "is entitled to an initial hearing before the UDC, ordinarily held within three work days from the time staff became aware of the inmate's involvement in the incident."  The Magistrate Judge correctly

focused on the word "ordinarily" in the language of 28 C.F.R. § 541.15(b) when determining whether the three day time period was an absolute deadline. As Judge Nelson noted, the word "ordinarily" allows some flexibility with regard to the three day time frame. Moreover, 28 C.F.R. § 541.15(k) specifically allows for an extension of the applicable time periods when good cause is shown by the inmate or staff and it is documented in the record of the hearing. The record contains a memorandum from Warden D.L. Stine,[3] which documents that the Warden approved of a delay in holding the UDC hearing until March 23, 2004 because of scheduling conflicts. See Dudley Decl. 1 [Docket No. 9] Attach. B at 13.

Also, Petitioner does not offer any indication, explanation, or evidence that he was prejudiced by his hearing being held two days[4] after its ordinary time frame. Rather, Petitioner focuses on two cases that allegedly stand for the proposition that a failure to hold a hearing within its ordinary time frame (regardless of actual prejudice) constitutes a violation of due process. Objections at 3. However, both cases are distinguishable from the instant case.

Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982) is a civil employment law case where a claimant's discriminatory termination claim was incorrectly extinguished by the Illinois Fair Employment Practices Commission's failure to hold any hearing on his claim as was

---

[3] The memorandum is dated March 23, 2004, and is a retrospective explanation of why the hearing occurred after the ordinary three day period, rather than a prospective notice that the time period for the hearing was being extended.

[4] The time computation method for the UDC hearing "excludes the day staff become aware of the inmate's involvement in the incident, weekends, and holidays." 28 C.F.R. § 541.15(b). Petitioner states that he was made aware of the charges against him on March 16, 2004, and that the UDC hearing was held on March 23, 2004. See Pet. at 3. March 20 and 21, 2004 were a Saturday and Sunday, respectively. Based on that time computation schedule, the UDC hearing was actually held within five days of the time that Petitioner was notified of the charges against him, not seven days as he has argued.

4

required by law.  Logan is distinguishable from Petitioner's current situation because Petitioner was given a hearing within the allowable time frame set forth by law.  Soto v. Walker, 44 F.3d 169 (2d Cir. 1995)[5] is a prisoner's lawsuit against a prison official, where it was determined that the prisoner's due process rights were violated because he was not given a hearing on alleged prison rule violations within the mandatory time frame required by New York State law.  Soto is distinguishable from Petitioner's current situation.  The New York State law in Soto contained an inflexible deadline on the time frame for the hearing.  By contrast, 28 C.F.R. § 541.15(b) allows for some flexibility with the word "ordinarily," and 28 C.F.R. § 541.15(k) allows for the extension of the time frame under certain circumstances.  As such, the Court adopts the Magistrate Judge's R&R with respect to this issue, and denies Petitioner's first objection.

C.   **Petitioner's DHO Hearing was Impartial**

Petitioner's second objection asserts that the Magistrate Judge incorrectly concluded that Petitioner's DHO hearing was impartial.  Objections at 3-6.  Petitioner first argues that his DHO hearing was not impartial because the DHO failed to call all the witnesses that Petitioner had requested to be called, and that the DHO failed to document the DHO record as to the reasons witnesses were not called.  Id. at 4.  28 C.F.R. § 541.17(c) states that "[a]n inmate has the right to submit names of requested witnesses and have them called to testify" at the DHO.  This right, however, is subject to certain limitations that are listed in the regulation, including the fact that witnesses need not be called if their testimony would be repetitious.  Id.

Petitioner is correct that the Discipline Hearing Officer Report does not list in the

---

[5] Petitioner's Objections to the R&R cite this case as 44 F.Supp.2d 614 (S.D.N.Y.).  This citation appears incorrect, and the correct citation appears to be  44 F.3d 169 (2d Cir. 1995).

designated space why certain persons requested by Petitioner were not called to testify. See Dudley Decl. 1 Attach. C at 16. However, the attached notes from the DHO hearing do reflect the handwritten words "not needed repetitive statement" within the DHO's general notes regarding certain witnesses. Id. at 21. Accurate, organized, and complete records of a DHO hearing might eliminate unnecessary investigations of handwritten notes buried in the record. Nonetheless, the attached handwritten note from the DHO hearing establishes that the DHO did not call certain witness because they were determined to be repetitive, and a note to that effect appears in the records as is required by 28 C.F.R. § 541.17(c).

Petitioner next argues that his DHO hearing was not impartial because he and his staff representative were not given enough time to consult with each other and prepare for the hearing. Objections at 4-5. Petitioner's argument is undermined by the statement of the staff representative in the Discipline Hearing Officer Report, which states that all but one witness was interviewed, all the paperwork appeared in order, and written responses to questions were provided. Petitioner received a copy of the incident report on March 16, 2004, and the record as a whole indicates that Petitioner had adequate assistance from the staff representative in interviewing witnesses, gathering available evidence, and garnering answers to written questions. Moreover, Petitioner is unable to articulate how he was prejudiced by the alleged lack of time that he had to consult with his staff representative.

Petitioner also argues that his DHO hearing was not impartial because the DHO asked questions of the witnesses. 28 C.F.R. § 541.17(c) states that "the inmate's staff representative, or when the inmate waives staff representation, the DHO, shall question witnesses requested by the inmate who are called before the DHO. . . . The inmate may not question any witnesses at

6

the hearing." The regulation obligates the DHO to question witnesses when the inmate waives staff representation. As the well-reasoned R&R states, "an administrative decision-maker does not have to be a wholly inactive observer in order to satisfy the objectives of due process." In light of the language of 28 C.F.R. § 541.17(c), Petitioner's rights of due process were not abridged by the DHO's questioning of witnesses, which appears to have been done in order to assist in the clear and orderly presentation of evidence at the hearing. As such, the Court adopts the Magistrate Judge's R&R with respect to this issue, and denies Petitioner's second objection.

### D. Evidence Supported the DHO's Decision

Third and finally, Petitioner argues that the Magistrate Judge incorrectly concluded that the evidence at the DHO hearing supported the DHO's decision that led to Petitioner's discipline and forfeiture of twenty-seven days of GCT. Objections at 6. Petitioner concedes that "federal courts will not re-examine decisions reached by prison disciplinary officials." Id. The standard of review for prison disciplinary action that results in the loss of GCT is "some evidence" in the record. Espinoza v. Peterson, 283 F.3d 949, 951-52 (8th Cir. 2002).

A review of the record in Petitioner's case shows some evidence upon which the DHO's decision can be supported. Petitioner suffered a hand injury at nearly the exact same time that evidence of a fight was discovered in a restroom near the gymnasium in the prison. Blood was found on numerous parts of Petitioner's body and clothes at the same time his injured hand was discovered. Testimonial evidence suggested that Petitioner's hand injury could have resulted from a fight. Bloody clothes, showing a partial identification tag matching a portion of Petitioner's identification, were found near the area of the suspected fight.

Petitioner also argues that there was conflicting evidence regarding how his hand was

injured and how blood came to be on his clothes and body. Objections at 2. Conflicting evidence with respect to how Petitioner's hand was injured and how blood came to be on his clothes and body does not preclude the fact finder from making a decision as to what happened based on the greater weight of the evidence. 28 C.F.R. § 541.17(f) specifically states that "if there is conflicting evidence, [the decision of the DHO] must be based on the greater weight of the evidence." The DHO examined the evidence in the record and decided that Petitioner's hand was injured and that blood appeared on Petitioner's clothes and body as a result of fighting. The Magistrate Judge, guided by the standard of review set forth in Espinoza, 283 F.3d at 951-52, correctly found that there was "some evidence" in the record of the DHO hearing to support the DHO's decision. As such, the Court adopts the Magistrate Judge's R&R with respect to this issue, and denies Petitioner's third objection.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Magistrate Judge's R&R [Docket No. 16] is **ADOPTED**;

2. Petitioner's Objections [Docket No. 17] are **DENIED**; and

3. Petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  February 10, 2006.